■  MARY E. WALLMULLER, Respondent, v. EDNA CULLEN, Appellant, et al., Defendant. EDNA CULLEN, Third-Party Plaintiff-Appellant, v. MARY E. WALL-MULLER et al., Third-Party Defendants-Respondents.— Order and judgment (one paper) entered July 11, 1966, granting summary judgment to the plaintiff, and dismissing the third-party complaint, unanimously reversed, on the law and the facts, to deny summary judgment to plaintiff, and to reinstate the third-party complaint, with $50 costs and disbursements to abide the event. The record shows a triable issue of fact as to whether the registration of the stock herein involved on the books of the corporation in the joint names of the husband and wife was intended to convey a present joint interest in the stock to the husband, or whether it was only intended to give the husband a right of survivorship. The defendant, Edna Cullen, alleges that she and plaintiff's assignor are wife and husband; that the property in question was acquired originally as the result of her employment by defendant-corporation, American Telephone and Telegraph Company, and that the stock was registered in the joint names of the husband and wife only to provide for the right of survivor-ship and on the assurance of the husband that he would reconvey on demand. If a present interest was not intended, this could be shown by parol evidence (see *Caruso* v. *Caruso*, 259 N. Y. 607). A further question of fact to be tried is whether the direction to the corporation to pay all dividends to defendant, Edna Cullen, was a waiver of all rights to dividends by the husband, or merely an instruction to the corporation as to how the dividends should be paid. Concur — Botein, P. J., Breitel, Rabin, Steuer and Capozzoli, JJ.